UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MAYLEN SARDINAS,

     Plaintiff,

v.

WEN-SOUTH HOLDINGS, INC.
a/k/a WENDY'S

     Defendant,

_____/

## **COMPLAINT**

The Plaintiff, MAYLEN SARDINAS, by and through undersigned counsel, hereby sues Defendant WEN-SOUTH HOLDINGS, INC., a/k/a WENDY'S on the grounds set forth herein.

### INTRODUCTION

1. This is an action by Plaintiff MAYLEN SARDINAS, under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e *9ij* the Pregnancy Discrimination Act amendment, 42 U.S.C.A. § 2000e(k); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress the injury done to Plaintiff by the Defendant based on her Sex and Pregnancy.

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

### JURISDICTION AND VENUE

3. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq. and the Pregnancy Discrimination Act amendment, 42 U.S.C.A. § 2000e(k) (PDA); and under the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case.

5. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

## PARTIES

6. Plaintiff MAYLEN SARDINAS is a resident of Miami-Dade County, who was employed by Defendant WEN-SOUTH HOLDINGS, INC. a/k/a WENDY'S, Plaintiff is a member of certain protected classes of persons. Plaintiff's complete name is Maylen De La Caridad Sardinas Ramos.

7. Corporate Defendant WEN-SOUTH HOLDINGS, INC. a/k/a WENDY'S (hereinafter WENDY'S, or Defendant), is a Florida corporation conducting business in Miami-Dade County, Florida, and within the jurisdiction of this Honorable Court.

8. During all relevant times Defendant WENDY'S has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

9. At all relevant times, Defendant WENDY'S has continuously employed 15 or more persons.

## PROCEDURAL REQUIREMENTS

10. All conditions precedent for this action has been fulfilled. On or about November 15, 2019, Plaintiff MAYLEN SARDINAS dual-filed her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), and with the Florida Commission on Human Relations, within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints.  On or about November 17, 2020, (On Request) the EEOC, issued to Plaintiff a "Dismissal and Notice of Rights" with respect to such charge of discrimination.

11. The mentioned document was received by Plaintiff on or about November 24, 2020. Consequently, the present Complaint is being filed within 90 days from the Plaintiff's receipt of the "Dismissal and Notice of Rights" ***See composite Exhibit "A."***

## STATEMENT OF FACTS

12. Plaintiff MAYLEN SARDINAS is a  30 years old female, of Cuban National Origin, and member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq., the Pregnancy Discrimination Act amendment, 42 U.S.C.A. § 2000e(k) (PDA); and under the Florida Civil Rights Act of 1992

(FCRA), Florida Statute Section 760, because of her Sex, Pregnancy, and because she participated in protected activities within the meaning of Federal and State law.

13. Defendant WEN-SOUTH HOLDINGS, INC. (hereinafter WENDY'S, or Defendant), is a franchisee operating WENDY'S fast-food restaurant located at 7393 NW 36th, ST Miami FL 33166 where Plaintiff worked.

14. Defendant WENDY'S employed Plaintiff MAYLEN SARDINAS on a part-time basis during several periods since 2014.

15. The last time, Plaintiff was re-hired on or about April 6, 2020, and she was fired on or about September 11, 2019. Thus, Plaintiff's relevant period of employment is 5 months plus 5 days, or 22 weeks. Plaintiff's wage-rate was $9.00 an hour.

16. The Plaintiff was hired as a full-time restaurant employee. As Wendy's crew member, she handled numerous tasks including food preparation, customer service, and general fast-food restaurant work.

17. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion. The Plaintiff enjoyed her work, she possessed all the required skills, training, and qualifications for the job in question, and performed her duties without significant issue or controversy.

18. Plaintiff is not very fluent in English, but at WENDY'S restaurant, there were plenty of positions and tasks to perform that did not require, or required very little interaction with customers. Plaintiff's lack of fluency in English did not prevent her to go above and beyond and to be a valuable restaurant employee, she was very supportive and worked very well in her team. That is why she was re-hired several times.

19. However, everything changed for Plaintiff around July 11, 2019, when Plaintiff informed her General Manager, Ms. Hilde Gretty Schereiber, that she was 4 weeks pregnant.

20. After Plaintiff announced her pregnancy, she noticed that her working conditions became to deteriorate, she was required to perform more duties simultaneously and at a much faster pace. Also, and this was the most difficult part for Plaintiff, with unusual frequency, she was sent to work front-end positions, this was a real challenge for Plaintiff because it required her outstanding English communication skills, that she did not possess.

21. Many times, her manager, Ms. Hilde Gretty Schereiber, witnessed how Plaintiff struggled and had difficulties to take customer orders, to ensure they were filled, and to offer prompt and friendly customer service because of her lack of fluency in English.

22. Many times, Ms. Hilde Gretty Schereiber had to intervene to fix a misunderstanding and to help Plaintiff to understand the customer's needs and preferences exactly.

23. Plaintiff begged her manager Ms. Hilde Gretty Schereiber, not to assign her to such demanding positions, not to put her in such a predicament because it caused her extreme stress, it was embarrassing and it caused her too much anxiety.

24. At the same time, Plaintiff was handling a heavy workload. Plaintiff was overwhelmed by too many chores, but she observed that other employees worked at a relaxed pace.

25. Plaintiff complained to Ms. Hilde Gretty Schereiber about her excessive workload a few times, but the manager did not take any action and continued putting too

much pressure on Plaintiff. The manager required Plaintiff to complete an array of duties including the more stressful and intimidating for Plaintiff, direct interaction with clients at the front line.

26. Soon, it became too obvious for Plaintiff that Defendant was trying to force her to abandon her employment voluntarily because she was pregnant. Plaintiff continued working, but she felt unwelcome and isolated. Plaintiff knew immediately that the reason for this unfair and hostile treatment was her pregnancy.

27. The Plaintiff needed her job, and she planned to work until a date very close to her delivery date. Thus, the Plaintiff had to endure the harassment and discriminatory treatment applied to her by her superiors, persons with the power to hire and fire, as a condition for continued employment.

28. Plaintiff was paid bi-weekly and she usually worked around 30-40 hours per week. Beginning August 2019, Plaintiff's working hours were reduced to about 15 hours in the second week, without explanation or justified reason. Plaintiff complained to Assistant Manager Leyanis Montes de Oca, who told Plaintiff that she was obeying orders from General Manager Ms. Hilde Gretty Schereiber.

29. Plaintiff complained to Ms. Hilde Gretty Schereiber about her reduced working hours, but the manager answered her: "this is what I have", "you have to do it", "Do it or don't need you anymore".

30. On the 2nd week of the next period, Plaintiff also was assigned about 15 working hours. She would not be able to survive working just 15 hours weekly. Plaintiff complained to assistant manager Ms. Hilde Gretty Schereiber.

31. Plaintiff did her best to keep her employment while being pregnant and expected Defendant to respect her right to return to work after her maternity leave. However, Plaintiff's working environment was too tense and hostile for her.

32. On or about September 10, 2019, Plaintiff had a disagreement with Ms. Hilde Gretty Schereiber. Plaintiff was complaining about her excessive workload, and the reduction of her working hours, but the manager refused to fix anything and to give Plaintiff more working hours.

33. Plaintiff was afraid of losing her job, she was stressed out due to her working conditions, she felt helpless and depressed. She knew that she was being punished because she was pregnant. Besides, Plaintiff was concerned about how her detrimental working conditions were affecting her pregnancy.

34. Immediately after she argued with manager Ms. Hilde Gretty Schereiber, Plaintiff decided to text the owner of the business Sergio Balsinde, Plaintiff was planning to tell Mr. Sergio Balsinde, that she was suffering pregnancy discrimination.

35. The next day, September 11, 2019, Plaintiff had another argument with Ms. Hilde Gretty Schereiber due to the same reasons. Plaintiff was desperate and she texted the owner of the business Sergio Balsinde again. Plaintiff asked Mr. Sergio Balsinde to come to the store because she was pregnant and she needed to talk to him.

36. Upon Plaintiff's information and belief, Ms. Hilde Gretty Schereiber also called Mr. Sergio Balsinde, who arrive at the store immediately and had a meeting with Ms. Hilde Gretty Schereiber.

37. After he met with Ms. Hilde Gretty Schereiber, the owner of the business Mr. Sergio Balsinde approached Plaintiff. She tried to explain to him her situation of being pregnant, the unfair workload, and the reduction of working hours. Mr. Sergio Balsinde did not pay any attention and told Plaintiff that he did not care about her condition, and that she was fired.

38. This complaint constituted protected activity under Title VII, and The Pregnancy Discrimination Act (PDA), and the FCRA, Chapter 760.

39. Plaintiff answered that she had rights and requested a termination letter. Mr. Sergio Balsinde got hysterical and began to scream at Plaintiff insults and profanities. Mr. Sergio Balsinde mistreated, disrespected, and humiliated Plaintiff.     He told Plaintiff: "Get the f…. out of here", "Do whatever you want to do, in the end, you will lose.  I am an Attorney". Mr. Sergio Balsinde out of control yelled at Plaintiff and threatened her with calling the police, he did not want Plaintiff to clock out and ordered Ms. Hilde Gretty Schereiber to clock out Plaintiff.

40. The Plaintiff was in shock, and in complete disbelief as to how she was being treated due to her pregnancy and left the workplace crying.

41. On or about September 11, 2019, the Plaintiff was terminated due to her pregnancy and in retaliation for her complaint about Pregnancy Discrimination.

42. At the time of termination from employment, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant and the sole apparent reason for the termination of Plaintiff's employment was Plaintiff's pregnancy and related maternity leave, as Plaintiff was entitled to do under Federal and State Law and

43. Therefore, On or about September 11, 2019, Plaintiff MAYLEN SARDINAS was terminated, and the Defendant's termination of Plaintiff was directly and proximately caused by Defendant's unjustified discrimination and harassment against Plaintiff because of her pregnancy and in retaliation for her complaint about Pregnancy Discrimination. The Defendant's actions violated both, Federal and State Laws.

44. Because of the actions of Defendant, Plaintiff has been damaged.  In that, the Plaintiff has suffered serious economic losses, lost wages, and has she suffered mental pain and emotional distress.

45. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages because of the Defendant's discriminatory practices, unless and until this Court grants relief.

46. The actions of the Defendant WENDY'S, and or its agents were willful, wanton, intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights thus, entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such actions in the future.

47. Defendant WENDY'S is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

48. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

**COUNT I:**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C.A. §§ 2000E ET**
**SEQ. AND THE PREGNANCY DISCRIMINATION ACT AMENDMENT,**
**42 U.S.C.A. § 2000E(K)**

49. Plaintiff MAYLEN SARDINAS re-adopts every factual allegation as stated in paragraphs 1-49 above as if set out in full herein.

50. The discrimination, harassment, and discharge of Plaintiff by Defendant were caused by Plaintiff's pregnancy.

51. Defendant's decision to discriminate and to take adverse actions against Plaintiff was because of Plaintiff's physical condition of being pregnant.

52. At all relevant times, including the time of termination, Defendant was aware that Plaintiff was pregnant.

53. At the time of termination from employment, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

54. The Plaintiff was well qualified for the position apart from her pregnancy.

55. The Plaintiff was discriminated against, harassed, and then discharged by her superiors because she was pregnant and because she intended to take maternity leave.

56. The fact that Plaintiff was pregnant was the motivating factor in the selection of Plaintiff for discharge, as Defendant was looking to staff its positions with someone without pregnancy hindering work performance.

57. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Pregnancy Discrimination Act (PDA).

58. The failure of Defendant to adhere to the mandates of the PDA was willful and its violations of the provisions of the PDA were willful.

59. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her pregnancy in violation of The Pregnancy Discrimination Act, with respect to its decision to discharge Plaintiff from employment.

60. Plaintiff's termination from employment by Defendant was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she was pregnant in violation of the PDA.

61. As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered serious economic losses, as well as mental pain and suffering.

62. Any alleged nondiscriminatory reason for termination of Plaintiff asserted by Defendant is a mere pretext for the actual reason for termination, Plaintiff's pregnancy.

63. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their sex and pregnancy.

64. Discrimination based on pregnancy also constitutes unlawful sex discrimination.

65. Defendant WENDY'S is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

66. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MAYLEN SARDINAS respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant WENDY'S, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Pregnancy.

B. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant WENDY'S to make Plaintiff MAYLEN SARDINAS whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation resulting from the employment discrimination suffered.

E. Award a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages,

G. Award attorney's fees and costs.

## JURY TRIAL DEMAND

Plaintiff MAYLEN SARDINAS demands a trial by jury on all issues triable as of right by a jury.

**COUNT II:**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C.A.**
**§§ 2000E ET SEQ. AND THE PREGNANCY DISCRIMINATION ACT**
**AMENDMENT, 42 U.S. § 2000e-2: RETALIATION**

67. Plaintiff MAYLEN SARDINAS re-adopts every factual allegation as stated in paragraphs 1-49 above as if set out in full herein.

68. Plaintiff is a member of a protected class under Title VII of The Civil Rights Act of 1964, 42 U.S.C.A. ET SEQ., and The Pregnancy Discrimination Act Amendment, 42 U.S.C.A. § 2000e(k) because of her Sex and Pregnancy, and because of her participation in protected activities within the meaning of the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2].

69. Defendant WENDY'S employed Plaintiff MAYLEN SARDINAS on a part-time basis during several periods since 2014.

70. The last time, Plaintiff was re-hired on or about April 6, 2020, and she was fired on or about September 11, 2019. Thus, Plaintiff's relevant period of employment is 5 months plus 5 days, or 22 weeks. Plaintiff's wage-rate was $9.00 an hour.

71. The Plaintiff was hired as a full-time restaurant employee. As Wendy's crew member, she handled numerous tasks including food preparation, customer service, and general fast-food restaurant work.

72. At all times material hereto, the Employer/Defendant WENDY'S failed to comply with the Pregnancy Discrimination Act (PDA), and the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge,

testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

73. On or about July 11, 2019, Plaintiff informed her manager Ms. Hilde Gretty Schereiber that she was 4 weeks pregnant.

74. After Plaintiff announced her pregnancy, Plaintiff suffered adverse employment actions including excessive workload, reduction of working hours, and finally termination

75. The repeated harassing and unlawful conduct of Defendant created for Plaintiff a hostile working environment that deteriorated the Plaintiff's working conditions and caused her great mental distress and embarrassment.

76. After several unattended complaints about her working conditions and reduced working hours, Plaintiff texted the owner of the business Mr. Sergio Balsinde to complain about pregnancy discrimination.

77. On or about September 11, 2019, Plaintiff complained to Mr. Sergio Balsinde about being discriminated against because she was pregnant.

78. This complaint constituted protected activity under Title VII, and The Pregnancy Discrimination Act (PDA).

79. The owner of the business Mr. Sergio Balsinde did not pay any attention and told Plaintiff that he did not care about her pregnant condition and that she was fired.

80. This complaint constituted protected activity under Title VII, and The Pregnancy Discrimination Act (PDA), and the FCRA, Chapter 760.

81. Plaintiff answered that she had rights and requested a termination letter. Mr. Sergio Balsinde got hysterical and began to scream at Plaintiff insults and profanities. Mr.

Sergio Balsinde mistreated, disrespected, and humiliated Plaintiff.    He told Plaintiff: "Get the f…. out of here", "Do whatever you want to do, in the end, you will lose.  I am an Attorney". Mr. Sergio Balsinde out of control yelled at Plaintiff and threatened her with calling the police, he did not want Plaintiff to clock out and ordered Ms. Hilde Gretty Schereiber to clock out Plaintiff.

82. The Plaintiff was in shock, and in complete disbelief as to how she was being treated due to her pregnancy and left the workplace crying.

83. On or about Julio 11, 2019, Plaintiff was terminated due to her pregnancy, for her attempt to use her protected maternity leave rights, and in retaliation for her complaint about Pregnancy Discrimination.

84. At the time of termination from employment, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant and the sole apparent reason for the termination of Plaintiff's employment was Plaintiff's pregnancy and related maternity leave, as Plaintiff was entitled to do under Federal Law.

85. There was no reason other than Pregnancy Discrimination and retaliation to terminate Plaintiff.

86. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual reasons for termination, Plaintiff's Pregnancy, and associated maternity leave.

87. Defendant WENDY'S is a sophisticated employer who has actual knowledge of the requirements of The Pregnancy Discrimination Act (PDA), and Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act,

which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

88. Defendant WENDY'S through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff MAYLEN SARDINAS on account of Plaintiff's pregnancy and maternity leave rights.

89. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation within the meaning of Title VII and the PDA.

90. Defendant WENDY'S is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected, despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

91. As a result of the Retaliation, Plaintiff MAYLEN SARDINAS has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

92. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MAYLEN SARDINAS respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant WENDY'S, its officers, successors, assigns, and all persons in active concert or participation with it, from

engaging in any employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B. Reinstate Plaintiff MAYLEN SARDINAS to the same position she held before the retaliatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant WENDY'S to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain and humiliation due to the discrimination of Plaintiff and due to the retaliatory discharge;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law including compensatory damages, punitive damages, and attorneys' fees and costs.

<u>JURY TRIAL DEMAND</u>

Plaintiff MAYLEN SARDINAS demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT III:</u>**
**<u>VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760:</u>**
**<u>DISCRIMINATION BASED ON SEX</u>**

93. Plaintiff MAYLEN SARDINAS re-adopts every factual allegation as stated in paragraphs 1-49 and above as if set out in full herein.

94. At all times material hereto, the Employer/Defendant WENDY'S failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

"*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment,*

*because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status"*

95. The discrimination of Plaintiff MAYLEN SARDINAS by Defendant WENDY'S was caused by the Defendant being aware of Plaintiff's Sex and Sex-related Pregnancy.

96. The Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Sex and Sex-related Pregnancy.

97. At all relevant times, including the time of discrimination, Defendant WENDY'S was aware that Plaintiff MAYLEN SARDINAS belonged to a protected group.

98. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

99. The Plaintiff was qualified for the position apart from her apparent Sex and related Pregnancy.

100. The Plaintiff was discriminated against by Defendant WENDY'S because the Plaintiff was a pregnant female.

101. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

102. The failure of Defendant WENDY'S to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

103. Defendant WENDY'S, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff on account of her Sex, in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

104.    Plaintiff MAYLEN SARDINAS was discriminated, harassed, and discharged by the Defendant WENDY'S, and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Sex and related pregnancy.

105.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff suffered serious economic losses as well as mental anguish, humiliation, pain, and suffering.

106.    Any alleged nondiscriminatory reason for the termination of the Plaintiff's employment asserted by Defendant WENDY'S, is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Sex and Sex-related pregnancy.

107.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Sex. Discrimination based on Sex constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

108.    Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MAYLEN SARDINAS respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant WENDY'S its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Sex;

B.  Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position;

C.  Reinstate full fringe benefits and seniority rights to Plaintiff;

D.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation;

E.  For a money judgment representing prejudgment interest;

F.  Award any other compensation allowed by law including punitive damages, attorney's fees (448.104), and further demands a trial by jury on all issues so triable.

<u>JURY TRIAL DEMAND</u>

Plaintiff MAYLEN SARDINAS demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT IV:</u>**
**<u>VIOLATION OF FLORIDA CIVIL RIGHTS ACT,</u>**
**<u>CHAPTER 760, FLORIDA STATUTES; RETALIATION</u>**

109.    Plaintiff MAYLEN SARDINAS re-adopts every factual allegation as stated in paragraphs 1-49 and 93-108 of this Complaint as if set out in full herein.

110.    This is an action against Defendant WENDY'S for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, Fla. Stat., (FCRA).

111.    The FCRA contains an anti-retaliation provision, forbidding employers from retaliating, or from taking adverse personnel action against, those employees who exercise their lawful and protected rights under the Act.

112.    The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

*"It is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".*

113.     Plaintiff MAYLEN SARDINAS is a member of a protected class under Title VII and the Florida Civil Rights Act because of her Sex, and because of her participation in protected activities within the meaning of the Florida Civil Rights Act.

114.     Defendant WENDY'S employed Plaintiff MAYLEN SARDINAS on a part-time basis during several periods since 2014.

115.     The last time, Plaintiff was re-hired on or about April 6, 2020, and she was fired on or about September 11, 2019. Thus, Plaintiff's relevant period of employment is 5 months plus 5 days, or 22 weeks. Plaintiff's wage-rate was $9.00 an hour.

116.     The Plaintiff was hired as a full-time restaurant employee.  As WENDY'S crew member, she handled numerous tasks including food preparation, customer service, and general fast-food restaurant work.

117.     On or about July 11, 2019, Plaintiff informed her manager Ms. Hilde Gretty Schereiberr that she was 4 weeks pregnant.

118.     After Plaintiff announced her pregnancy, Plaintiff suffered adverse employment actions including excessive workload, reduction of working hours, and finally termination

119.     The repeated harassing and unlawful conduct of Defendant created for Plaintiff a hostile working environment that deteriorated the Plaintiff's working conditions and caused her great mental distress and embarrassment.

120.     After several unattended complaints about her working conditions and reduced working hours, Plaintiff texted the owner of the business Mr. Sergio Balsinde to complain about pregnancy discrimination.

121.     On or about September 11, 2019, Plaintiff complained to Mr. Sergio Balsinde about being discriminated against because she was pregnant.

122.     This complaint constituted protected activity under Title VII, and The Pregnancy Discrimination Act (PDA).

123.     The owner of the business Mr. Sergio Balsinde did not pay any attention and told Plaintiff that he did not care about her pregnant condition and that she was fired.

124.     This complaint constituted protected activity under Title VII, and The Pregnancy Discrimination Act (PDA), and the FCRA, Chapter 760.

125.     Plaintiff answered that she had rights and requested a termination letter. Mr. Sergio Balsinde got hysterical and began to scream at Plaintiff insults and profanities. Mr. Sergio Balsinde mistreated, disrespected, and humiliated Plaintiff. He told Plaintiff: "Get the f…. out of here", "Do whatever you want to do, in the end, you will lose.  I am an Attorney". Mr. Sergio Balsinde out of control yelled at

Plaintiff and threatened her with calling the police, he did not want Plaintiff to clock out and ordered Ms. Hilde Gretty Schereiber to clock out Plaintiff.

126.     The Plaintiff was in shock, and in complete disbelief as to how she was being treated due to her pregnancy and left the workplace crying.

127.     On or about September 11, 2019, Plaintiff was terminated due to her pregnancy, her attempts to use her protected maternity leave rights, and in retaliation for her complaint about Pregnancy Discrimination.

128.     At the time of termination from employment, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant and the sole apparent reason for the termination of Plaintiff's employment was Plaintiff's pregnancy and related maternity leave, as Plaintiff was entitled to do under Federal and State Law.

129.     There was no reason other than Pregnancy Discrimination and retaliation to terminate Plaintiff.

130.     On or about September 11, 2019, Plaintiff was fired by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified Discrimination and Retaliation against Plaintiff because she complained about unlawful Sex and sex-related Pregnancy Discrimination, and harassment in violation of the Florida Civil Rights Act, Chapter 760, Fla. Stat., (FCRA).

131.     As a direct and proximate result of the Defendant's intentional conduct, Plaintiff MAYLEN SARDINAS suffered serious economic losses as well as mental pain and suffering.

132.     Any alleged nondiscriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of Sex-related Pregnancy discrimination, and harassment.

133.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Sex, and retaliation due to her complaints of unlawful discrimination.  Retaliation based on having engaged in a protected activity constitutes unlawful retaliation.

134.     Defendant WENDY'S is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to, despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

135.     As a direct and proximate result of the actions and omissions of Defendant, Plaintiff MAYLEN SARDINAS has suffered substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation, as well as the violation of her statutory rights.

136.     Plaintiff MAYLEN SARDINAS has not a plain, adequate, or complete remedy at law.  The Plaintiff is still suffering and will continue to suffer, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life. These losses are continuing and will continue in the future.

137.    Plaintiff MAYLEN SARDINAS has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff MAYLEN SARDINAS respectfully requests that this Court order the following.

A. Grant a permanent injunction enjoining Defendant WENDY'S, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in further discriminatory and retaliatory practice in violation of the FCRA, Fla. Stat. Section 760.10, (7);

B. Award Plaintiff MAYLEN SARDINAS a judgment against the Defendant WENDY'S for compensatory damages as determined by the Trier of fact;

C. Award Plaintiff MAYLEN SARDINAS restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits" and retirement benefits for the time the Plaintiff should have worked absent Defendant's discriminatory treatment;

D. Enter Judgment for Punitive damages against Defendant WENDY'S;

E. Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

JURY TRIAL DEMAND

Plaintiff MAYLEN SARDINAS demands a trial by jury on all issues triable as of right by a jury.

Dated:  December 24, 2020

                                Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*